THRASH *v.* FERGUSON, et al.

Jan. 26, 1953

No. 38635          17 Adv. S. 40          62 So. 2d 364

*W. W. Pierce*, for appellant.

*Sanford & Alford,* for appellee Ferguson.

*Barnett & Barnett,* for appellee, Morrow.

McGEHEE, C. J.

The plaintiff, W. Y. Thrash, brought this suit against the defendants D. E. Morrow and Jim Ferguson to recover damages, both actual and as statutory penalties, for the cutting of 63 trees in the S 1/3 of the W½ of the SW¼, Section 26, Township 9, Range 9E in Leake County, the same having been cut from a strip of land lying south of the north boundary line of the plaintiff's land and north of an old, crooked and dim wagon road, partly grown up in bushes, claimed by the defendant Morrow to be an agreed line between his land to the north and the land of the plaintiff.

The plaintiff sued for the sum of $239.00 as the actual value for the trees cut and removed and the sum of $945.00 as statutory penalties at $15.00 per tree. There was a

peremptory instruction granted as to the statutory penalties sued for, in favor of both the defendant Morrow and his co-defendant Ferguson, to whom Morrow sold the timber and by whom it was cut and removed, and the giving of that instruction is one of the errors assigned on this appeal. The appellant further assigns as error the giving of other instructions for the defendants which resulted in a verdict by the jury in their favor, even as to actual damages, but which need not be discussed in view of the conclusion that we have reached on the main issue involved.

The plaintiff alleged and proved beyond controversy that he purchased by a good and valid deed from the Henderson-Molpus Lumber Company in 1920 the S 1/3 of the W½ of the SW¼ of the Section, Township and Range aforesaid, and that the timber in controversy was located within the calls of his deed thereto. The defendant Morrow in his answer to this suit in the circuit court set up as an affirmative defense that he had acquired title to the strip of land between the alleged northern boundary line of the plaintiff's land and the old meandering road to the south thereof by virtue of the fact that in 1902 he acquired a deed from C. A. Brantley and wife for the central 1/3 of the said W½ of the SW¼, and that the said C. A. Brantley, who then owned the land both to the north and to the south of the said old wagon road, had agreed that the said defendant might consider the old road as the southern boundary line of the land being conveyed to him; and that thereafter, and prior to 1920, certain predecessors in title of the plaintiff Thrash, to-wit Bailey, Phillips and Latham, had acquiesced in his contention that the old road was the southern boundary line of the land that the defendant Morrow had purchased from Brantley and wife, and that although the plaintiff purchased without knowledge of the alleged agreement, the defendant Morrow had acquired title by adverse possession of the strip of land between the old road and the

true northern boundary line of the S 1/3 of the W½ of the SW¼ purchased by the plaintiff from the Henderson-Molpus Lumber Company, grantee of Latham.

The burden of proof was upon the defendants to establish this affirmative defense. It is uncontroverted that the strip of land in question is woodland and that the land both to the north and to the south thereof is woodland; that there is not now and never has been any fence either along the old road or along the true dividing line between the parties to the north thereof; and that none of the lands have been cultivated and no improvements have been placed thereon.

It is further uncontroverted that if a line should be projected due west from a certain common corner which has been recognized by both the defendant Morrow and the plaintiff and his predecessors in title for a period of 50 years, as the northeast corner of the lands now owned by the plaintiff, such line would leave the strip of land in controversy to the south thereof and within the calls of the plaintiff's deed.

Moreover, the only acts of ownership and control that the defendant Morrow claims to have exercised over the strip of land in controversy is that he cut firewood and some fence posts thereon prior to 1920, and he contends that he and his tenants who reside in Section 27 of the same township and range have cut firewood from this strip of land whenever at any time they needed to do so. Whereas the plaintiff says that since 1920 this was done on only one occasion and that he made complaint to the defendant on account thereof. It is undisputed however that the plaintiff sold the timber on his own land to his son in 1942 or 1943 and that his son cut and removed such timber as was then growing on the strip of land in controversy and without any protest or objection of the defendant Morrow on account thereof. The wife of the defendant Morrow testified that no one other than themselves had claimed this strip of land since 1920, when the

plaintiff purchased from the Henderson-Molpus Lumber Company as aforesaid, except the Thrashes.

■■■ The defendant Morrow is unable under the law to extend his possession of such land as he may have occupied or used under his purported conveyance from the Brantleys in 1902, so as to include the land in question for the reason that he had no color of title to this strip of land. In fact, the deed which he obtained from the Brantleys on July 15, 1902—the only deed upon which he relies—purports to convey "1/3 of N½ of SW¼ of Sec. 26, T. 9, R. 9" without stating where this 1/3 is located therein. In other words, he went into possession of the central 1/3 of the W½ of the said SW¼ without any deed thereto. Therefore the principle in regard to a grantee's possession of a part of the land within the calls of his deed being extended to cover all of the land within the calls thereof is wholly inapplicable in the instant case; his deed has no calls.

■■■ We are, therefore, of the opinion that the only manner in which the defendant Morrow could have acquired title to the strip of land in question is to have had the open, notorious, actual, adverse, hostile and continuous possession thereof for the statutory period. He failed to prove in support of his affirmative defense such facts as would have conferred title in him by adverse possession.

It was, therefore, error for the court to have submitted to the jury under the instructions complained of the issue of whether or not the defendant Morrow had acquired the title by adverse possession. If a peremptory instruction had been requested on behalf of plaintiff as to actual damages we would be justified in rendering judgment here for the sum of $239.00 as actual damages since there was no dispute whatever as to the number of trees cut, where they were cut, or as to the value of the same.

■■■ We think it was also error to have granted a peremptory instruction in favor of both defendants as to

their alleged liability for the statutory penalties sued for. Under the facts shown it was clearly a case for the jury on that issue insofar as the defendant Morrow is concerned since he admitted to the surveyors and other persons and testified as a witness that he had known the location of the northeast corner of the plaintiff's land as a well recognized corner for the last 50 years, and he necessarily knew that a line projected west to the northwest corner of the S 1/3 of the W½ of the SW¼, purchased by the plaintiff from Henderson-Molpus Lumber Company, would have excluded the strip of land in question from the central 1/3 thereof claimed by said defendant. He showed his timber-grantee Ferguson where to cut, telling him to cut down to this old, crooked, dim wagon road, and according to the testimony on behalf of the plaintiff the said defendant knew that the plaintiff had been claiming all of the land within the calls of his deed since the year 1920.

As to the defendant Ferguson who purchased the timber from his co-defendant Morrow and cut the same, the established and well recognized northeast corner of the plaintiff's land was pointed out to him before he cut the timber and he conceded that he had never during his 15 years of experience in purchasing timber ever bought the same according to an old, crooked and dim road as a line. Since there was nothing on the ground to indicate that his vendor had adverse possession of the strip in question, he should have known that a line projected west from the corner admitted by both his grantor and the plaintiff to be the northeast corner of the plaintiff's land, would have constituted the northern boundary of the strip of land in controversy. The proof as to whether he acted willfully and wantonly and in reckless disregard of the rights of the plaintiff, or was so grossly negligent as to show indifference as to what constituted the true line may not be as strong as that made against his co-defend-

ant Morrow. But we now hold only that it was error to have granted the instruction which told the jury, in substance, that they should find in favor of *both* defendants as to the statutory penalties, since that is the question now before us.

The appellant also complains of the refusal of certain instructions requested by him on the issue of the statutory penalties, but we are of the opinion that the first of these instructions was erroneous in that it omitted the requirement that the cutting of the trees in question was done with a willful and wanton disregard of the rights of the plaintiff or by reason of such gross negligence as to evince an indifference to the consequences as affecting the rights of the plaintiff in the timber.

As to the refused instructions on the burden of proof it is true that the plaintiff was entitled to have the jury instructed that the burden of proof was upon the defendants to establish their claim of title to the timber by adverse possession, (if there had been sufficient proof on that issue to go to the jury) but nevertheless the burden was upon the plaintiff to show that even though the defendants had failed to show title by adverse possession their action in cutting the timber was willfully and wantonly done, or was done by reason of such gross negligence as would show an indifference to consequences as affecting the rights of the plaintiff, so as to be tantamount to willfulness.

It follows from the foregoing views that the issue of adverse possession should not have been submitted to the jury, and that the case must be reversed for the assessment of actual damages for the timber cut and removed from the strip of land in controversy; and that the jury should be permitted to pass on the question as to the liability of the defendants for the statutory penalties sued for, under proper instructions.

Reversed and remanded.

*Hall, Holmes, Arrington* and *Lotterhos, JJ.,* concur.